## JOSEPH SMITH, RESPONDENT, v. BURR GRISWOLD, APPELLANT.

*Market value of a dog—evidence as to.*

In this action, brought to recover the value of a dog killed by the defendant, it appeared that the dog was a farm dog, trained to bring up cows and as a watch dog, being part shepherd and part bull. Upon the trial plaintiff was asked, and, against defendant's objection and exception, allowed to state what the market value of the dog was.

*Held*, that, as the dog was not shown to have any market value, the admission of the answer was error.

APPEAL from a judgment of the County Court of Chautauqua county, affirming a judgment of a Justices' Court in favor of the plaintiff.

*John G. Record*, for the appellant.

*F. S. Edwards*, for the respondent.

TALCOTT, P. J.:

This is an appeal by the plaintiff from the judgment of the County Court of Chautauqua county, affirming a judgment of a justice of the peace.

The action was brought to recover damages for the killing of the plaintiff's dog by the defendant. The evidence was, that while the defendant was peaceably passing along the highway, on foot, in the evening, the dog came towards him in a menacing manner, and the defendant shot him. The dog was a large dog, about two feet high, and weighing about 160 pounds. He had before then molested the defendant as he was riding by the plaintiff's premises in the highway. And the justice found, as a question of fact, that "the dog was known to worry people peaceably traveling along the highway." And the justice seems to have ruled that the defendant, being aware of his vicious habits in that respect, and having failed to make complaint to a justice of the peace under the statute (2 R. S. [6th ed.], 1001, § 17), was not justified in killing the dog, in case he came out

# 274 SMITH v. GRISWOLD.

upon the highway and followed the defendant in a menacing manner. Though this view of the justice may well be doubted, it is not necessary to decide that question in this case, as we think improper evidence was admitted on the part of the plaintiff, which was objected to, and the admission of which was alleged as a ground of error on the appeal to the County Court. It appeared that the dog was a farm dog, and, as the plaintiff claimed, trained to bring up the cows, and trained as a watch dog, supposed by the plaintiff, or called, "part shepherd and part bull."

The plaintiff, when on the stand as a witness, was asked what was the market value of the dog. The defendant objected to this question, and the justice overruled the objection, and the plaintiff stated that the value of the dog was twenty-five dollars. The same question was asked of the other witnesses for the plaintiff, and similar answers made, under objection by the defendant; and the justice seems to have proceeded, on such evidence, to render his judgment in the case. The dog was not shown to have any "market value."

It appears to be well settled that such testimony is inadmissible. (*Dunlap* v. *Snyder*, 17 Barb., 561; *Brown* v. *Hoburger*, 52 id., 15.)

In the last cited case, which seems to have been an action for killing a dog of a similar character, Mr. Justice JOHNSON, in delivering the opinion of the General Term of the seventh district, says: "Opinions in regard to the value of dogs, which have no standard or marketable value, are necessarily fanciful, depending on the fancy or predilection of the witness, and are not competent. In order to render opinions as to the value of a dog competent, it should first be shown that the dog in question is a marketable animal, either belonging to some peculiar breed, or possessing some peculiar qualities which make him an animal usually vendable at some proximately regular price. "Nothing of the kind was shown here. It was shown that he was a trained farm dog, and it was offered to be shown that the witness, who was the plaintiff himself, was acquainted with the value of such dogs, and had seen them bought and sold. This fell far short of offering to prove that the dog was a marketable animal, or had any market value. * * * I am of opinion, therefore, that the evidence was properly excluded." (Op. of JOHNSON, p. 25.)

In the case at bar, the plaintiff said that he did not know of dogs of this breed being bought and sold; that he had "heard of dogs being sold that were trained, such as carrying baskets—some one particular thing—not trained as this dog was." It is evident, from the statement of the plaintiff, that he did not claim that this dog had any particular market value, and that his estimate of his value was merely fanciful.

The judgment of the County Court, and of the justice, is reversed.

Present. — TALCOTT, P. J., SMITH and HARDIN, JJ.

The judgment of the County Court of Chautauqua, and that of the justice, reversed.